UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLOYD ATKERSON,

        Plaintiff,

    v.

T. MIRANDA, et al.,

        Defendants.

No.  2:26-cv-00247 SCR P

ORDER AND

FINDINGS & RECOMMENDATIONS

Plaintiff is incarcerated in state prison and proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Plaintiff's complaint is before the undersigned for screening under 28 U.S.C. § 1915A.  Plaintiff has also filed a request for court order for Mule Creek State Prison ("MCSP") to preserve video and audio evidence from the incident underlying his complaint, which the undersigned construes as a motion for injunctive relief.  ECF No. 7.

**IN FORMA PAUPERIS**

Plaintiff seeks to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. ECF No. 8. Plaintiff submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a).  As part of this order, the prison is required to remove an initial partial filing

1

fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

### STATUTORY SCREENING OF PRISONER COMPLAINTS

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### PLAINTIFF'S COMPLAINT

The complaint raises an Eighth Amendment failure to protect claim against defendants MCSP Warden T. Miranda, Sgt. Esthapian, and Correctional Officer Armenta. ECF No. 1 at 1-2. Plaintiff alleges that on June 13, 2025, he was the sole occupant in Cell A-1-223 when defendant Esthapian escorted inmate Packer up the stairs toward the cell. Packer yelled that he would kill or

fuck up any inmate Esthapian housed him with, which was overheard by several inmate witnesses.  Defendant Estapian disregarded Packer's threat, removed the handcuffs, pushed Packer into plaintiff's cell, and closed the door.  Packer followed through with his threat and beat plaintiff "to the end of his life."  Plaintiff suffered broken ribs, extensive injuries, and mental health trauma, due to the actions of defendant Esthapian and John Doe, the control booth operator who opened the door.  Id. at 3.  By way of relief, plaintiff seeks freedom from retaliation for filing suit, an attorney, and $500,000 in damages.  Id. at 4.

## LEGAL STANDARDS

### I.      42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

### II.     Linkage

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).

### III.    Eighth Amendment Failure to Protect

Prison officials have a duty under the Eighth Amendment to avoid an excessive risk to inmate safety.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To state a claim under the Eighth

Amendment based upon a defendant's failure to prevent injury, a plaintiff must allege that defendants were "deliberate[ly] indifferen[t]" to "conditions posing a substantial risk of serious harm." Id. Deliberate indifference is more than mere negligence, but less than purpose or knowledge. See id. at 836. A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Ninth Circuit precedent "support[s] the proposition that obviousness of a risk may be used to prove subjective knowledge." Harrington v. Scribner, 785 F.3d 1299, 1304 (9th Cir. 2015) (citing Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1078 (9th Cir. 2013), and Thomas v. Ponder, 611 F.3d 1144, 1152 (9th Cir. 2010)).

**DISCUSSION**

**I.      The Complaint States a Cognizable Claim Against Defendant Esthapian Only**

Plaintiff's complaint states a cognizable Eighth Amendment failure to protect claim against defendant Esthapian. The factual allegations support the reasonable inference that defendant Esthapian heard Packer's serious and clear threat during the escort to plaintiff's cell and deliberately disregarded it. The undersigned further infers from the allegation that several inmates overheard Packer yell his threat that it was loud and presented an obvious danger.

However, the complaint does not include sufficient facts to state a claim against defendants Miranda or Armenta. The complaint does not allege any facts regarding defendant Miranda, and Miranda's position as MCSP Warden alone is insufficient to confer liability under § 1983. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Nor does the complaint mention defendant Armenta, let alone link him to the alleged failure to protect. To the extent Armenta is the "John Doe" whom plaintiff identifies as the control booth operator, plaintiff provides no facts regarding his role or involvement that would allow the undersigned to infer that he heard Packer's threats or was otherwise deliberately indifferent to the risk of harm from opening the door.

////

## II.      Options From Which to Choose

After conducting the screening required by 28 U.S.C. § 1915A(a), the undersigned finds that plaintiff has adequately stated a valid claim for relief pursuant to the Eighth Amendment against defendant Esthapian for failure to protect.  However, the allegations in the complaint are not sufficient to state any claim for relief against defendants Miranda or Armenta, as plaintiff has not alleged their personal participation in the alleged constitutional violation.  It appears to the undersigned that plaintiff may be able to allege facts to fix these problems.  Therefore, plaintiff has the option of filing an amended complaint.

Based on the court's screening, plaintiff has a choice to make.  After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**Option No. 1:** The first option available to plaintiff is to proceed immediately against defendant Esthapian on the Eighth Amendment failure to protect claim.  By choosing this option, plaintiff will be agreeing to voluntarily dismiss defendants Miranda and Armenta.  The undersigned will proceed to immediately serve the complaint and order a response from defendant Esthapian.

**Option No. 2:** The second option available to plaintiff is to file an amended complaint to fix the problems described above regarding the claims against defendants Miranda and Armenta.  If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-71.  Also, the complaint must specifically identify how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson, 588 F.2d at 743.  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

## PLAINTIFF'S REQUEST FOR VIDEO AND AUDIO EVIDENCE

Plaintiff has filed a request for court order for MCSP to preserve video and audio evidence from the incident on June 13, 2025, underlying the Eighth Amendment failure to protect claim in his complaint. ECF No. 7. The undersigned construes the filing as a motion for injunctive relief. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). An injunction binds only "the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them who receive actual notice of the order. . . ." Fed. R. Civ. P. 65(d)(2).

The undersigned recommends that plaintiff's motion be denied without prejudice as premature. The undersigned has only conducted an initial screening of plaintiff's complaint and, as a result, no defendants have been served yet. Moreover, MCSP, the party against whom plaintiff seeks a court order, is not a party to this lawsuit. See Zepeda, 753 F.2d at 727. Even if plaintiff had named MCSP as a defendant, state prisons are not "persons" subject to suit under § 1983. See Allison v. Cal. Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969).

Accordingly, plaintiff's motion for injunctive relief should be denied. Although the undersigned will not issue the requested order, plaintiff is advised that at this early stage of the proceedings he may make a direct request to prison officials to preserve the footage. See Harris v. Garcia, No. 2:22-cv-1273 KJN P, 2022 WL 3691361, at *1 n.1 (E.D. Cal. Aug. 25, 2022), report and recommendation adopted, No. 2:22-cv-1273 DAD KJN, 2022 WL 12040460 (E.D. Cal. Oct. 20, 2022).

////

6

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.      The Clerk of the Court is directed to randomly assign a District Judge to this matter.

2.      Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is GRANTED.

3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

4.  Plaintiff's claims against defendants Miranda and Armenta do not state claims for which relief can be granted.

5.  Plaintiff has the option to proceed immediately on his Eighth Amendment failure to protect claim against defendant Esthapian as set forth above, or to file an amended complaint.

6.  Within thirty (30) days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

7.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendants Miranda and Armenta.

In addition, IT IS HEREBY RECOMMENDED that plaintiff's request for court order to preserve video and audio evidence (ECF No. 7), construed as a motion for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure

to file objections within the specified time may waive the right to appeal the District Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: March 16, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLOYD ATKERSON,

        Plaintiff,

    v.

T. MIRANDA, et al.,

        Defendants.

No.  2:26-cv-00247 SCR P

NOTICE OF ELECTION

Check one:

_____ Plaintiff wants to proceed immediately on his Eighth Amendment failure to protect claim against defendant Esthapian without amending the complaint.  Plaintiff understands that by choosing this option, the remaining defendants will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

                                _____
                                Floyd Atkerson,
                                Plaintiff pro se

1